FRED L. BLUM, Plaintiff, *v.* CITY OF ROCHESTER, Defendant.

Supreme Court, Monroe County, March 17, 1930.

*Abbott, Rippey & Hutchens*, for the plaintiff.

*Clarence M. Platt, Corporation Counsel [George B. Draper* of counsel], for the defendant.

RODENBECK, J. The complaint states a cause of action for a breach of contract by the city in the purchase of a parcel of land.

The only objection raised to the sufficiency of the complaint is that the wrong remedy is demanded. Specific performance of the contract is sought. This is the remedy which would be available to the city if the plaintiff had defaulted, and it is, likewise, open to plaintiff. The city is amenable to its contracts the same as an individual. It cannot arbitrarily breach its contracts without subjecting itself to a liability. " With respect to authorized contracts a municipal corporation has the same rights and remedies, and is bound thereby and may be sued thereon in the same manner as individuals." (2 Dillon Mun. Corp. [5th ed.] § 815.) There is no allegation in the complaint that the city had abandoned the proposed improvement. The plaintiff alleges no adequate remedy at law. This must be assumed to be true for the purposes of this motion. The answer may raise an issue and the trial court will determine whether the plaintiff is entitled to specific performance or to damages. Some relief follows the allegations in the complaint and the form of the relief can be determined when the case is tried. Specific performance may be decreed against a municipality in a proper case. " When the remedy at law is inadequate, equity affords relief by specific performance." (44 C. J. 141; see *Lighton* v. *City of Syracuse*, 188 N. Y. 499; *Weston* v. *City of Syracuse*, 158 id. 274; *Water Co.* v. *Havre de Grace*, 150 Md. 241; *Alabama Water Co.* v. *City of Anniston*, 110 So. 36.) There is not one law for the individual and another for the soveriegn with respect to the performance of legal obligations.

Motion denied, with ten dollars costs.